# LICHTEN & LISS-RIORDAN, P.C.

HAROLD L. LICHTEN×
SHANNON LISS-RIORDAN×∆◇
SARAH SCHALMAN-BERGEN■
MATTHEW W. THOMSON×
ADELAIDE H. PAGANO×
―――――――――――――
THOMAS P. FOWLER×◇
OLENA SAVYTSKA×
ANNE KRAMER×∆
MICHELLE CASSORLA×^☆
ZACHARY RUBIN×◇^♦
ANASTASIA DOHERTY×
TARA BOGHOSIAN×
MATTHEW PATTON×
KRYSTEN CONNON^■
BENJAMIN J. WEBER×▫ OF COUNSEL

ATTORNEYS AT LAW

729 BOYLSTON STREET, SUITE 2000
BOSTON, MASSACHUSETTS 02116
―――――――――
TELEPHONE  617-994-5800
FACSIMILE  617-994-5801

WWW.LLRLAW.COM

―――――――――

× ADMITTED IN MASSACHUSETTS
∆ ADMITTED IN CALIFORNIA
◇ ADMITTED IN NEW YORK
■ ADMITTED IN PENNSYLVANIA
^ ADMITTED IN NEW JERSEY
♦ ADMITTED IN CONNECTICUT
☆ ADMITTED IN DISTRICT OF COLUMBIA
▫ ADMITTED IN TENNESSEE

January 19, 2022

**Via ECF**

Hon. Lewis A. Kaplan
United States District Court
40 Foley Square
New York, NY 10007

    Re:    <u>Reineri v. International Business Machines Corp.</u>,
             Case No. 1:21-cv-08654

Dear Judge Kaplan:

     I write in response to the January 13, 2022, letter submitted by Respondent International Business Machines, Corp. ("IBM") (Dkt. 25).

     Although IBM encourages this Court to ignore the <u>Lohnn</u> decision, contending that Judge Liman's decision is an outlier among orders issued by other judges in this district, IBM glosses over the fact that the relevant issue in <u>Lohnn</u> and in this case are not the same. In <u>Lohnn</u>, Judge Liman determined that judicial filings made in conjunction in with a challenge to a confidentiality provision (filings that included Petitioner Reineri's Final Arbitration Award) should be unsealed during the pendency of the Court's determination as to Plaintiff's underlying challenge in that case to IBM's confidentiality agreement. <u>See</u> Dkt. 24-1. Here, by contrast, the Court is being asked to make a much simpler determination: whether to confirm and unseal Petitioner's award. As described in Petitioner's January 7, 2022, letter, Dkt. 24, IBM made many of the same arguments against unsealing in <u>Lohnn</u> that it has raised here, notwithstanding the differences in procedural posture of the two cases. Petitioner's January 7, 2022, letter was intended to point this Court towards Judge Liman's rationale in rejecting those arguments, as the arguments are the same in the two cases (namely, that the documents are not "judicial documents" and that unsealing would violate federal public policy in favor of arbitration).

# LICHTEN & LISS-RIORDAN, P.C.

      Moreover, while IBM's letter (Dkt. 25) notes that IBM has appealed Judge Liman's order and has requested a stay pending the appeal, our firm has opposed IBM's stay request and has moved to dismiss the appeal for lack of jurisdiction.  <u>See</u> attached Exhibit A (Plaintiff's Opposition to Stay); Exhibit B (Plaintiff's Motion to Dismiss Appeal).  Moreover, the temporary stay ordered by the Second Circuit was not a ruling on the merits, but was instead merely an administrative stay intended to allow the motions to be heard by a motion panel.

                                               Respectfully submitted,

                                               <u>/s/ Shannon Liss-Riordan</u>
                                               Shannon Liss-Riordan

cc: All counsel of record (via ECF)