# JacksonLewis

**Jackson Lewis P.C.**
44 South Broadway – 14th Floor
White Plains, New York 10601
Tel: (914) 872-6902
Fax: (914) 946-1216
greg.riolo@jacksonlewis.com

June 7, 2022

**VIA ECF**

The Honorable Barbara Moses
United States Magistrate Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  Reply to Petitioner's Response to IBM's Letter-Motion to Stay Pending Appeal
     *Reineri v. International Business Machines Corporation*
     Docket No. 1:21-cv-08654 (S.D.N.Y.)

Dear Judge Moses:

Respondent International Business Machines Corporation ("IBM"), pursuant to Local Civil Rule 6.1 and 7.1 and Your Honor's Individual Rules of Practice, submits this reply in support of its May 13, 2022 Letter-Motion to Stay Pending Appeal, Dkt. 28 (the "Motion").  As demonstrated below, the requested stay would not prejudice Petitioner; however, denying the stay would irreparably harm IBM.

IBM has at all points vigorously opposed confirmation of the arbitral award at issue due to a lack of jurisdiction, and further asserts that Petitioner is not entitled to his request to unseal the award, as unsealing would usurp his signed, binding arbitration confidentiality agreement.  Despite IBM's strong belief in the merits of these positions, it proactively filed a Letter-Motion to Stay Pending Appeal in the event the Court does not agree with IBM's contentions, as unsealing the documents at issue pending an appeal would cause irreparable harm to Respondent.  On May 17, 2022, Petitioner responded, asserting that a recent Southern District of New York decision (*Stafford v. International Business Machines Corporation,* No. 21-CV-6164, 2022 U.S. Dist. LEXIS 84746 (S.D.N.Y. May 10, 2022)) controls in this matter.  Petitioner further argues that IBM is not entitled to the routine procedural protections afforded by a stay of proceedings, despite identical decisions in this district affording the very protections IBM seeks here.  For the reasons that follow, Petitioner's arguments fail, and Your Honor should grant IBM's Motion.

A.  **Judge Oekten's decision in *Stafford* supports a stay of proceedings.**

Petitioner argues in his Response to IBM's Motion that this Court should follow the recent decision in *Stafford* by confirming the arbitration award at issue and unsealing it.  However, Petitioner openly admits that Judge Oetken granted the exact relief IBM proactively requests here—a 30-day stay of proceedings in order to assess the propriety of appeal.  Although Petitioner

**JacksonLewis**

The Honorable Barbara Moses
June 7, 2022
Page 2

dismisses Judge Oetken's analysis as "minimal" and "wrongly decided," the court's rationale is clear and concise:

> Given the unique circumstances of this case — where the parties explicitly agreed to maintain the confidentiality of the arbitration proceedings, the Final Award is unopposed and has been fully satisfied, and IBM provided some reasons to maintain the sealing — the Court grants IBM's motion to stay the unsealing order for thirty days.

*Stafford*, 2022 U.S. Dist. LEXIS 84746, *10.  The exact considerations that weighed in favor of a stay in *Stafford* are likewise present in Mr. Reineri's case—explicit agreement to maintain confidentiality in an arbitration agreement, full payment of the final award, and facially plausible reasons for maintaining the seal.  Accordingly, Petitioner's bald assertion that Judge Oetken wrongly decided the stay issue falls flat.

Further, and importantly, the arguments presented in *Stafford* are *not* identical, as Petitioner asserts.  Most notably, Respondent in *Stafford* conceded jurisdiction and that confirmation was appropriate. In the case at hand, IBM opposes confirmation itself because there is no active case or controversy based on the applicable Eleventh Circuit caselaw, as the award has been paid in full.  Thus, IBM contends that this Court does not have jurisdiction to confirm the award, and further argues that the Court should not unseal the documents at issue.  This means that there are two major points of contention for which appeal could be necessary—jurisdictional and substantive—as opposed to *Stafford*'s purely substantive arguments between the parties as to unsealing. Therefore, Judge Oetken's grant of a stay was not only proper in *Stafford*, but is doubly applicable here.

> **B. Relevant caselaw, including this Court's decision in *Bernstein*, supports a stay of proceedings.**

Petitioner next asserts in his response to the Motion that Respondent's reliance on *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP,* No. 14-CV-6867, 2016 WL 1071107 (S.D.N.Y. Mar. 18, 2016), *aff'd*, 814 F.3d 132 (2d Cir. 2016), is misplaced.  *See* Petitioner's Response to Motion at 2-3.

There are two major flaws in Petitioner's argument.  First, Petitioner openly admits that the *Bernstein* Court granted the requested 30-day stay of proceedings.  Second, Petitioner focuses solely on the substantive issues surrounding his request to unseal the arbitration award and again fails to consider Respondent's jurisdictional arguments.  The lack of a case or controversy in this matter alone distinguishes the facts from *Bernstein* and provides even stronger rationale for Your Honor to issue a stay pending appeal.

Although the Bernstein analogy fails for substantive purposes, its underlying rationale for granting a stay of proceedings is easily extended to this case. Petitioner notes that the parties in *Bernstein* jointly requested a stay of proceedings out of concern for the confidentiality of the

# JacksonLewis

settlement agreement at issue. But Petitioner's assertion that "there is no similar compelling circumstance to stay unsealing like the settlement agreement that would have unraveled upon unsealing in *Bernstein*" is patently incorrect. Here, a confidentiality agreement is at issue where one side is attempting to honor that agreement and the other attempting to contravene it. The confidential nature of the entire arbitration process is at stake here—arguably an even stronger rationale for protection than that at issue in *Bernstein*. As IBM argues in its Response to Petitioner's Petition, the public policy rationales encouraging arbitration would be eviscerated if confidential proceedings could become public simply by nature of a confirmation proceeding. Thus, it is disingenuous for Petitioner to pretend that IBM has no compelling interest in the continued sealing of the confidential arbitration agreement.

Lastly, Petitioner collects cases that purportedly stand for the proposition that "courts in this district far more often do not exercise their discretion to stay such decisions pending appeals." Petitioner's Response at 3 and footnote 2. But ***not a single cited opinion or supporting court document indicates that a party ever moved for a stay of proceedings in those matters***. As such, Your Honor should follow the logic of *Bernstein* and the numerous other cases listed in the Motion and grant Respondent's Motion.

**C. The four-factor balancing test to determine the propriety of a stay pending appeal weighs heavily in favor of IBM.**

Petitioner asserts that if the Court chooses to unseal the final arbitration award, that order should not be stayed pending appeal based on the following four factors:

1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;

2) whether the applicant will be irreparably injured absent a stay;

3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and

4) where the public interest lies.

Petitioner's Response at 4 (citing *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S. Ct. 2113, 2119 (1987))). Although Respondent agrees that this four-factor test is the appropriate framework under which to analyze a stay request, *see* Motion at 2, Respondent adamantly disagrees with Petitioner's conclusion that a stay is unwarranted.

As to the first factor, Petitioner alleges that IBM, by filing its Motion, implicitly acknowledged that it is unlikely to succeed on the merits. This is unequivocally inaccurate. IBM believes that its jurisdictional argument, as well as its substantive argument opposing unsealing, is likely to succeed. As stated previously, IBM filed the Motion proactively to ensure that the court would not require immediate unsealing without permitting appellate review, thus cutting off an

JacksonLewis

important procedural safeguard. *See Walmart Inc. v. Synchrony Bank,* No. 18-CV-05216, 2020 WL 475829, at *5–7 (W.D. Ark. Jan. 29, 2020) ("[A]ny appellate review of [the] prior Order unsealing the Complaint will be rendered toothless if the Court denies a stay pending appeal and immediately unseals the sealed Complaint.").

Regarding the second factor, Petitioner asserts that Respondent's Motion does not sufficiently define the "irreparable harm" that would be caused by publication of the sealed award. Petitioner's Response at 4-5. Petitioner further calls Respondent's Motion "conclusory" as to prong two. *Id.* at 5. Petitioner's argument again misses the mark. In the Southern District of New York, irreparable harm is defined as "certain and imminent harm for which a monetary award does not adequately compensate." *See Wisdom Imp. Sales Co. v. Labatt Brewing Co.*, 339 F.3d 101, 114 (2d Cir. 2003) (citations omitted). The Second Circuit has noted that irreparable harm is present "where, but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249-50 (2d Cir. 1999) (evaluating a preliminary injunction). The unsealing of an arbitration award is exactly the type of circumstance constituting irreparable harm in this Circuit. Once unsealed, the damage is done, and IBM can no longer be re-elevated to the position it held prior to confirmation and unsealing. Thus, IBM has clearly demonstrated irreparable harm warranting a stay of proceedings.

Moving next to the third factor, Petitioner notably has no argument that he would be substantially injured by the issuance of a stay. Rather, Petitioner conflates the third and fourth prongs, arguing under the third that "[h]e has an interest in seeing IBM rectify its broader discriminatory practices and seeing justice served for others who fell victim to the same illegal practice as she did." This is, in no uncertain terms, only a benefit to Petitioner's counsel masquerading as a public interest rationale. IBM has already paid Petitioner the full amount of the arbitration award. Issuing a stay pending appeal does not delay any substantive ruling on Petitioner's underlying claim against IBM (which has been adjudicated) or take away a single dollar from Petitioner.

Lastly, Petitioner's terse argument regarding the fourth prong (public interest) is far too myopic. Petitioner argues for court accountability/legitimacy without contemplating judicial efficiency or resources. In fact, the matter at hand is exactly the type of case for which judicial efficiency should be the primary concern. *See Stiener v. Apple Computer, Inc.*, 2008 U.S. Dist. LEXIS 90335, *19-20 (N.D. Ca. 2008) (finding that the fourth *Hilton* factor weighed in favor of a stay because "a stay would avoid the parties and the Court wasting taxpayer resources on a litigation which might be mooted on appeal" (citation omitted) (citing *C.B.S. Employees Fed. Credit Union v. Donaldson*, 716 F.Supp. 307, 310 (W.D. Tenn. 1989) (a court should not waste its resources on matters which did not belong before it in the first place)). Here, where there are both jurisdictional and substantive arguments in play, conservation of judicial resources should control the Court's analysis of the public interest under the fourth prong.

Therefore, when taken as a whole, the *Hilton* factors weigh heavily in IBM's favor. Accordingly, IBM asks this Honorable Court to grant its Motion to Stay Proceedings Pending

# JacksonLewis

The Honorable Barbara Moses
June 7, 2022
Page 5

Appeal in order to prevent irreparable harm and to preserve the important procedural rights that would be afforded to it by an immediate appeal.

Respectfully submitted,

Greg Riolo
(914) 872-6902
greg.riolo@jacksonlewis.com
Jackson Lewis P.C.


cc:     All counsel of record (via ECF)


4858-0438-5571, v. 3