

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT REINERI,

               Petitioner,

      against-

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

               Respondent.

21-CV-8654 (LAK) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

       Petitioner Robert Reineri commenced this action on October 21, 2021, by filing a petition (Pet.) (Dkt. No. 1) pursuant to §§ 9 and 13 of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 9, 13, seeking a judgment confirming an October 20, 2021 arbitration award (Award) (Dkt. No. 11), in his favor, against respondent International Business Machines Corporation (IBM). Plaintiff filed the Award under temporary seal, "[p]ursuant to the confidentiality provision in IBM's arbitration agreement." Pet. at 1 n.1. On the same day, however, he filed a motion (Mtn.) (Dkt. No. 4), later referred to me for report and recommendation (Dkt. No. 23), which asks this Court to do two things: (i) confirm the Award, *see* Mtn. at 1-2; and (ii) unseal the Award. *See* Mtn. at 2-3.[1]

       At present, the Court can do neither, because petitioner has not demonstrated the existence of subject matter jurisdiction. However, he may be able to do so, and will therefore be given an opportunity to amend his petition to allege the necessary facts.

---

[1] Reineri had some difficulty actually filing the Award under seal. Although he claimed to have attached the Award as a sealed exhibit to his petition (at Dkt. No. 1-1) and motion (at Dkt. No. 4-1), both of these docket entries, upon inspection, contain only exhibit slipsheets. Since there is no reason for the slipsheets to be sealed, the Court has unsealed them. On November 8, 2021, the Hon. Lewis A. Kaplan, United States District Judge, ordered that the Award (not yet filed) remain under seal at least until December 6, 2021, and directed IBM to file any application to keep it under seal by November 30, 2021. (Dkt. No. 10.) On November 9, 2021, Reineri filed the actual Award, under seal, at Dkt. No. 11, where it remains. Thereafter, on November 30, 2021, IBM filed its opposition to the motion (Resp. Opp.) (Dkt. No. 18), in which it argues, *inter alia*, that the Award should not be unsealed.

## I.    BACKGROUND

Petitioner is a former IBM employee whose employment was terminated in July 2018. Pet. ¶ 5. Prior to that termination, petitioner and IBM entered into a separation agreement (Sep. Ag.) (Dkt. No. 1-2) in which petitioner released IBM from certain legal claims, and agreed to arbitrate others, in exchange for a package of "payments and benefits as part of a resource action that [petitioner] would not otherwise have been entitled to receive." Sep. Ag. at 1. The contract specifically provided that Reineri was *not* required to release "any claim under the Federal Age Discrimination in Employment Act of 1967," 29 U.S.C. §§ 621 *et seq.* (the ADEA), but that if he were to pursue an ADEA claim, he would have to do so through "private, confidential, final and binding arbitration" under the auspices of JAMS. Pet. ¶¶ 6-8; Sep. Ag. §§ 2, 3, 5.

On January 17, 2021, Reineri filed an arbitration demand with JAMS against IBM, asserting an ADEA claim, Pet. ¶ 9, and from April 12 to April 14, 2021, the Hon. Joseph P. Farina (ret.), a Florida-based JAMS arbitrator, conducted an arbitration hearing by Zoom. Pet. ¶ 11. On October 20, 2021, arbitrator Farina issued the Award under the caption *Reineri v. Int'l Bus. Machs. Corp.*, JAMS Ref. No. 1460005373. *Id.* ¶ 12. The next day, Reineri filed his petition in this Court, together with his motion to confirm and unseal the Award. On November 1, 2021, IBM "fully complied with the Final Award" by "mailing out payment within twelve days of the award being finalized." Riolo Decl. (Dkt. No. 18-1) ¶ 6. Petitioner concedes that "IBM has now paid Mr. Reineri the amount he was awarded by the arbitrator." Pet. Reply (Dkt. No. 22) at 5.

## II.    ANALYSIS

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the district court "lacks the statutory or constitutional power to adjudicate" a case, the case must be dismissed for lack of subject matter jurisdiction. *Cortlandt St. Recovery Corp. v. Hellas*

*Telecommc'ns S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015). Because subject matter jurisdiction goes to "a court's power to hear a case," the issue "can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Moreover, "federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*," even if the parties do not raise it. *Hermes of Paris, Inc. v. Swain*, 867 F.3d 321, 324 n.3 (2d Cir. 2017) (quoting *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017)); *see also Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking," even if "no party has called the matter to the court's attention, the court has the duty to dismiss the action sua sponte."). The party asserting jurisdiction has the burden of establishing its existence. *Kokkonen*, 511 U.S. at 377; *MLC Fishing, Inc. v. Velez*, 667 F.3d 140, 141 (2d Cir. 2011).

## A.    Case or Controversy

Article III of the United States Constitution limits the subject matter jurisdiction of the federal courts to actual "cases" and "controversies." U.S. Const. art. III § 2. According to IBM, this Court lacks jurisdiction to confirm the Award because, now that it has been fully satisfied, there is no longer any live case or controversy between the parties. IBM Resp. at 2, 5, 20. However, IBM's argument rests on a nearly 40-year-old case, *Derwin v. Gen. Dynamics Corp.*, 719 F.2d 484 (1st Cir. 1983), which is not followed in our Circuit.

To the contrary: in *Zeiler v. Deitsch*, 500 F.3d 157 (2d Cir. 2007), the Court of Appeals rejected the argument that "prior compliance [with the award] should serve as a ground for refusal to confirm an arbitration award." *Id.* at 169. Since then, no reported district court decision within the Second Circuit has accepted IBM's "case or controversy" argument. *See, e.g.*, *Stafford v. Int'l Bus. Machs. Corp.*, 2022 WL 1486494, at *1 (S.D.N.Y. May 10, 2022) (confirming arbitration award against IBM after IBM "fully satisfied all the terms of the Final Award"); *Simpson v. Peloton Interactive, Inc.*, 2021 U.S. Dist. LEXIS 125416, at *4 (S.D.N.Y. July 2, 2021) ("[E]ven

when an arbitration award has been fully paid, until the award is confirmed, a case or controversy exists and the Court has subject-matter jurisdiction."); *Nat'l Cas. Co. v. Resolute Reins. Co.*, 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016) ("Because a party to an arbitration is entitled to confirmation of an award, until it receives that confirmation an ongoing case and controversy exists."); *see also Arbordale Hedge Invs., Inc. v. Clinton Group, Inc.*, 1999 WL 1000939 *1 n.3 (S.D.N.Y. Nov. 4 1999) (refusing to "create a new exception" to confirmation of an arbitration award where the award "has been paid in full").[2] Consequently, the fact that the Award has been paid does not deprive this Court of jurisdiction.

### B.   Federal Question Jurisdiction

In his petition, Reineri asserts that this Court "has jurisdiction pursuant to 9 U.S.C. § 9 and § 204 because the arbitration award for which confirmation is sought was made pursuant to an arbitration agreement that provides that '[a]ny judgment or award issued by an arbitrator may be entered in any court of competent jurisdiction.'" Pet. ¶ 3. Oddly, IBM does not challenge this assertion. *See* Resp. to Pet. (Dkt. No. 17) ¶ 3 ("IBM admits that the Court has jurisdiction over this matter."). However, FAA § 204 concerns *venue* (not jurisdiction) in proceedings over which the district court has jurisdiction pursuant to FAA § 203, 9 U.S.C. § 203. Moreover, § 203 (which Reineri, correctly, does *not* rely upon for jurisdictional purposes) applies only to actions brought under Chapter 2 of the FAA, which concerns "foreign" arbitral awards covered by the Convention

---

[2] Nor, for that matter, has *Derwin* been followed by the Eleventh Circuit, where the arbitration took place. *See* Resp. Opp. at 6 ("[N]either the Eleventh Circuit nor any of the district courts located within it appear to have directly addressed the issue of whether a case or controversy exists when an arbitration award has been fully satisfied prior to a confirmation motion[.]"). Thus, there is no need for this Court to consider IBM's somewhat tortured argument that, because the parties relied on Eleventh Circuit caselaw when arbitrating the ADEA claim in Florida, Eleventh Circuit caselaw should also "control as to the substantive issue of whether confirmation is warranted." *Id.* at 2 n.1.

on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, T.I.A.S. No. 6997, 21 U.S.T. 2517 (the Convention). *See* 9 U.S.C. § 201. The Award at issue here does not fall under the Convention and therefore is not subject to Chapter 2 of the FAA. *See* 9 U.S.C. § 202 (an award "which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states").

Section 9 of the FAA, which authorizes the district court to issue "an order confirming the award," 9 U.S.C. § 9, is similarly unavailing. It is well-settled that Chapter 1 of the FAA, of which § 9 is a part, "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). As the Supreme Court most recently explained: "The Federal Arbitration Act authorizes a party to an arbitration agreement to petition a federal court for various forms of relief. But the Act's authorization of such petitions does not itself create the subject-matter jurisdiction necessary for a federal court to resolve them. Rather, the federal court must have an 'independent jurisdictional basis' to do so." *Badgerow v. Walters*, 142 S. Ct. 1310, 1311 (2022) (quoting *Hall Street Associates, L. L. C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)). *Accord DaPuzzo v. Globalvest Mgmt. Co., L.P.*, 263 F. Supp. 2d 714, 722 (S.D.N.Y. 2003) ("[A] litigant who seeks to invoke the [FAA] must satisfy the requirements of jurisdictional amount and diversity of citizenship, or demonstrate the existence of some other independent basis of subject matter jurisdiction, before the court may validly entertain an application for any remedy authorized by the statute.").

When conducting the required jurisdictional inquiry in cases brought to confirm an arbitration petition under FAA § 9, the court "may look only to the application actually submitted to it in assessing its jurisdiction." *Badgerow*, 142 S. Ct. at 1314. It cannot "'look through' the

petition to the 'underlying substantive controversy' between the parties" to establish either federal question or diversity jurisdiction. *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009)); *see also Trustees of the N.Y. State Nurses Ass'n Pension Plan v. White Oak Global Advisors, LLC*, 2022 WL 2209349, at *1 (S.D.N.Y. June 20, 2022) (Kaplan, J.) (*Badgerow* "rejected the 'look through' approach to subject matter jurisdiction on applications under Sections 9 and 10 of the Federal Arbitration Act").[3] "In other words, a district court may not exercise jurisdiction solely because the underlying substantive controversy between the parties would have been maintainable in federal court for example, by presenting a federal question." *White Oak Global Advisors*, 2022 WL 2209349, at *2. Here, although the underlying controversy between Reineri and IBM presented a federal question within the meaning of 28 U.S.C. § 1331 – whether IBM violated the ADEA – Reineri's petition in this Court does not. *See Badgerow*, 142 S. Ct. at 1316-17 (although the underlying employment dispute presented questions of federal law, the parties "are now contesting not the legality of Badgerow's firing but the enforceability of an arbitral award," which typically involves "only state law, like disagreements about other contracts"). Consequently, this Court does not have federal question jurisdiction over the parties' present dispute.

### C.   Diversity Jurisdiction

The district courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different states." 28 U.S.C. § 1332(a)(1). Diversity is premised on citizenship at "the time the action is brought." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016). For diversity purposes, a corporation is "a citizen of every State . . . by which it has been incorporated and . . . where it has

---

[3] The "look through" approach to federal question jurisdiction remains available in cases brought under § 4 of the FAA, 9 U.S.C § 4, to compel arbitration. *Vaden*, 556 U.S. at 62; *Badgerow*, 142 S. Ct. at 1318.

its principal place of business." 28 U.S.C. § 1332(c)(1). Here, although petitioner does not expressly invoke this Court's diversity jurisdiction, he alleges that he is a "resident of Cookeville, Tennessee," Pet. ¶ 1, and that respondent is "a New York corporation with its principal place of business in Armonk, New York." *Id.* ¶ 2.

These allegations do not establish that the parties are diverse. Although petitioner has clearly alleged that IBM is a citizen of New York, he alleges only that he is a "resident" of a different state, which is inadequate for jurisdictional purposes. The citizenship of an individual party must be "determined by his . . . *domicile*, as opposed to *residence*." *MBC Ventures, LLC v. Miniventures of NY, Inc.*, 2021 WL 3709808, at *6 (D. Conn. Aug. 20, 2021) (emphasis in the original) (citing *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). A natural person's domicile is "his true, fixed and permanent home and place of habitation," that is, "the place to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Martinez v. Bynum*, 461 U.S. 321, 331 (1983)). Identifying a person's "residence," on the other hand, "tells the court only where the parties are living and not of which states they are citizens." *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 199 (2d Cir. 1967). Owing to this distinction, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-03 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). Thus, where a complaint (or petition) alleges merely that the plaintiff (or petitioner) is a "resident" of a given state, that is insufficient to establish citizenship for purposes of diversity jurisdiction. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("residence alone is insufficient to establish domicile for jurisdictional purposes"); *Henry v. Gershan*, 2020 WL 7625164, at *2 (S.D.N.Y. Dec. 22, 2020) (collecting cases).

7

Because the petition avers only that "Robert Reineri is a *resident* of Cookeville, Tennessee," Pet. ¶ 1 (emphasis added), and contains no other factual allegations to establish his *domicile*, petitioner has not adequately alleged that the parties are citizens of two different states. Nor has he alleged facts demonstrating that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a)(1). Consequently, petitioner has not established that this Court has diversity jurisdiction over the case. *See Van Buskirk*, 935 F.3d at 54; *Canedy*, 126 F.3d at 102-03; *Henry*, 2020 WL 7625164, at *2.

### D.  Amendment

Petitioner's defective jurisdictional pleading is not necessarily fatal. "Although a plaintiff premising federal jurisdiction on diversity of citizenship is required to include in its complaint adequate allegations to show that the district court has subject matter jurisdiction," his failure to do so "does not always require that the action be dismissed." *Durant, Nichols*, 565 F.3d at 64. If jurisdiction existed as of the date on which the case was filed – but was inadequately pleaded – the court may "allow a complaint to be amended to assert those necessary facts." *Durant, Nichols*, 565 F.3d at 64 (quoting *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 329 (2d Cir. 2001)); *see also Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 389 (2d Cir. 2021) ("[A] plaintiff may cure defective jurisdictional allegations, unlike defective jurisdiction itself, through amended pleadings[.]"), *cert. denied,* 142 S. Ct. 757 (2022); *Worcester Cnty. Nat'l Bank v. Cohn*, 48 F.R.D. 285, 286 (S.D.N.Y. 1969) (denying motion to dismiss for lack of subject matter jurisdiction after plaintiff served an amended complaint alleging that defendant was not merely a resident but a "citizen and inhabitant" of New York); 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Here, as in *Worcester Cnty. Nat'l Bank*, petitioner may well be able to "cure the defect" in his jurisdictional pleading, 48 F.R.D. at 286, if given leave to replead, and should be permitted to try.

E.      **Unsealing**

As noted above, petitioner's motion asks this Court both to confirm the Award and to unseal it. Because jurisdiction remains unresolved, the Court f*cannot* consider the merits of that motion. *See Humphrey v. Syracuse Police Dep't*, 758 Fed. App'x 205, 206 (2d Cir. 2019) ("Lacking subject matter jurisdiction, the district court did not have the power to reach the merits[.]"); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016) ("[W]ithout jurisdiction, the district court lacks the power to adjudicate the merits of the case[.]"); *Antwi v. United States,* 349 F. Supp. 2d 663, 669 (S.D.N.Y. 2004) ("The obligation that courts must resolve threshold questions of jurisdiction . . . before proceeding to consider the merits of a claim at any stage of a proceeding is 'inflexible and without exception.'") (quoting *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 95 (1998)).

I have nonetheless considered whether unsealing is required – even before the Court reaches the motion – pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). *Lugosch* teaches that "judicial documents," that is, documents "relevant to the performance of the judicial function and useful in the judicial process," are subject to a presumption of access, requiring the court to balance the weight of the presumption (which varies depending on the nature of the document and its role in the case) against "competing considerations," including "the privacy interests of those resisting disclosure." 435 F.3d at 119-20 (quoting *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Although the Award may require review in connection with petitioner's request that it be confirmed, its contents are entirely irrelevant to my analysis – unprompted by any motion – of whether this Court possesses the jurisdiction necessary to address that request. Indeed, under *Badgerow*, 142 S. Ct. at 1314, the Court is prohibited from "looking through" a confirmation petition to the underlying arbitration award for jurisdictional purposes. *Cf. Caxton Int'l Ltd. v. Rsrv.*

9

*Int'l Liquidity Fund, Ltd.*, 2009 WL 2365246, at *3 (S.D.N.Y. July 30, 2009) (denying in substantial part a motion to seal "remand motion papers" because they "themselves are of consequence to this Court's adjudication of whether it has subject matter jurisdiction"). I therefore conclude that, at least at this stage of the case, the Award is not a judicial document, and for that reason I do not proceed to the remaining steps of the *Lugosch* analysis.

## III.  CONCLUSION

Since petitioner has not met his burden of establishing that this Court has subject matter jurisdiction over this matter, the Court cannot proceed to the merits of his motion. However, since diversity jurisdiction may exist – and petitioner may be able to invoke it through more precise pleading – the Court, *sua sponte*, directs him to submit any proposed amended petition, together with a motion for leave to amend, within **14 days** of the date of this Memorandum and Order.

Dated: New York, New York
        June 28, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**